# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Amanda Carson, f/k/a Amanda Leche, ) | |
| ) | |
| Plaintiff, ) | Case No. 6:20-cv-01946-HMH |
| ) | |
| vs. ) | |
| ) | **COMPLAINT** |
| Emergency MD, LLC, David Brancati, Johanna ) | |
| Calgie, and Jason Blasenak, ) | (jury trial demanded) |
| ) | |
| Defendants, ) | |
| ) | |

COMES NOW THE PLAINTIFF, Amanda Carson, f/k/a Amanda Leche (hereafter "Plaintiff") bringing her Complaints against Defendant EmergencyMD, LLC ("EMD"), Defendant David Brancati ("Brancati"), Defendant Johanna Calgie ("Calgie"), and Defendant Jason Blasenak ("Blasenak"), and would respectfully show this Court as follows:

1. This action arises out of a former employment and business relationship between the Plaintiff and the Defendants.

2. As a result of discovery responses provided in the lawsuit known as Case NO. 2018-CP-23-01439, pending in Greenville County (hereafter the "2018-Lawsuit"), Plaintiff became aware of one or more of the Defendant's unauthorized access to her personal gmail account.

## THE PARTIES

3. Plaintiff Amanda Carson, f/k/a Amanda Leche (hereafter "Plaintiff"), is a citizen and resident of Greenville County.

1

4. Defendant EmergencyMD, LLC ("EMD"), on information and belief, is a limited liability company, organized and existing according to the laws of the state of South Carolina, and having its operations in Greenville County.

5. Defendant David Brancati ("Brancati"), on information and belief, is a citizen and resident of Greenville County.

6. Defendant Johanna Calgie ("Calgie"), on information and belief, is a citizen and resident of Greenville County.

7. Defendant Jason Blasenak ("Blasenak"), on information and belief, is a citizen and resident of Greenville County.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 in that this action arises under the laws of the United States, specifically including but not limited to: (i) Stored Communications Act, 18 U.S.C. § 2701 *et seq.*, and (ii) the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq*.

9. The Court also has supplemental jurisdiction over Plaintiff's state and common law claims pursuant to 28 U.S.C. § 1367, which form part of the same case or controversy.

10. This Court has personal jurisdiction over Defendants because, upon information and belief, for at least the reason that one or more of the Defendants are residents of Greenville County, and also because the Defendants have directed their activities to the forum Division and specifically to Greenville County.

## FACTUAL ALLEGATIONS

11. On or about May 1, 2017, Plaintiff's employment with EMD was terminated by Defendant Brancati.

12. On information and belief, Brancati, Blasenak, and Calgie were all aware of the termination of the Plaintiff, at least as early as the day it occurred.

13. Despite this knowledge, these Defendants, as shown by their own document production in that certain civil action known as 2018-CP-23-01439, pending in Greenville County (hereafter the "2018-Lawsuit"), accessed and / or directed others to access Plaintiff's personal gmail account without authorization, without requesting authorization, and without her permission.

14. As but one example to show the Defendants' unauthorized access to Plaintiff's personal gmail account, *see e.g.,* EMD-LECHE_001406, whereby Defendants printed a May 25, 2017, email from Plaintiff's gmail account. By accessing Plaintiff's gmail account without her permission, these Defendants made themselves privy to her highly confidential and privileged communications, including her communications with her legal counsel and her prospective legal counsel, about the subject matter of the allegations in this lawsuit.

15. At the time of the known breach identified above, Plaintiff'a gmail account had her personal emails she had sent or received available for access back to approximately 2009.

16. Upon information and belief, Defendants and / or their agents not only made an unauthorized access to Plaintiff's gmail account, read and otherwise accessed each and every email in the account, and may have made copies of said emails.

17. Upon information and belief, the Defendants may have also deleted any notification emails that were sent to Plaintiff's gmail account to notify her of login activity on the account.

18. On information and belief, these EMD Defendant's sharing of this information included review of Plaintiff's email communications with counsel in this lawsuit, and also

sharing the illegally accessed information and / or mis-representing it to law enforcement agencies and / or regulatory staff at the LLR.

## FOR A 1st CAUSE OF ACTION

(S.C. Homeland Security Act, S.C. Code § 17-30-10 *et seq.*, EMD, Brancati, Calgie, Blasenak)

19. Plaintiff repeats and re-alleges every allegation contained in the preceding paragraphs and incorporates them herein by reference.

20. One or more of these Defendants, as shown by their document production in the 2018-Lawsuit accessed and / or directed others to access Plaintiff's personal gmail account without authorization, without requesting authorization, and without her permission.

21. Defendants' undisputedly access to Plaintiff's personal gmail account.

22. For example, as shown in their own document production in the 2018-Lawsuit, as shown at EMD-LECHE_001406, as well as the following pages: 1407, 1409, 1414, 1462, 1463, 1464, 1465-1468, 1469-1472, 1473-1474, 1475, 1476, 1477, 1478, 1479-1482, 1481, 1483-1484, 1485-1486, 1487-1488, 1489-1490, 1491-1493, 1492, 1494, 1495, 1496, and 1497-1498 Defendants accessed and printed emails from Plaintiff's gmail account.

23. By accessing Plaintiff's gmail account without her permission, Defendants made themselves privy to her highly confidential, and even privileged communications, including communications with her legal counsel and her prospective legal counsel, about the subject matter of the allegations in the 2018-Lawsuit.

24. On information and belief, Defendants had access to and did access more of the Plaintiff's emails than are shown their document production in the 2018-Lawsuit.

25. At the time of the known breach identified above, Plaintiff's gmail account had her personal emails she had sent or received dating back to approximately 2009.

26. Upon information and belief, the Defendants and / or their agents not only made an unauthorized access to Plaintiff's gmail account, read and otherwise accessed each and every email in the account, and may have made copies of said emails, or otherwise saved and used the same without the Plaintiff's knowledge, and for their perceived advantage in the 2018-Lawsuit.

27. Upon information and belief, Defendants may have also deleted any notification emails that were sent to Plaintiff's gmail account to notify her of login activity on the account.

28. On information and belief, Defendant's sharing of this information included review of Plaintiff's email communications with counsel in this lawsuit, and also sharing the illegally accessed information and / or mis-representing it to law enforcement agencies and / or regulatory staff at the LLR.

29. As a result of Defendants' individual and / or collective violations of South Carolina Code of Laws Ann. § 17-30-10 *et seq.*, Plaintiff has individually and collectively suffered damages, as set forth herein above.

30. As a result of Defendants' individual and / or collective violations of the S.C. Homeland Security Act, Plaintiff is entitled to a declaration from this Court that these Defendants violated the S.C. Homeland Security Act, to recover her actual damages for losses suffered by Plaintiff, punitive damages, statutory damages of not less than $500 per day of violation as provided under the S.C. Homeland Security Act § 17-30-135(A)(2), and other litigation costs, including her reasonable attorneys' fees.

## FOR A 2nd CAUSE OF ACTION

(Violation Stored Comm. Act, 18 U.S.C. § 2701 *et seq.*, EMD, Brancati, Calgie and Blasenak)

31. Plaintiff repeats and re-alleges every allegation contained in the preceding paragraphs and incorporates them herein by reference.

32. The Stored Communications Act, at 18 U.S.C. § 2701 provides that "whoever … intentionally accesses without authorization a facility through which an electronic communication service is provided … and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system shall be punished as provided in subsection (b) of this section.

33. The Stored Communications Act, at 18 U.S.C. § 2707(a) provides that "any provider of electronic communication service, subscriber, or other person aggrieved by any violation of this chapter in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind may, in a civil action, recover from the person or entity…which engaged in that violation such relief as may be appropriate.

34. The Stored Communications Act, at 18 U.S.C. § 2707(b) provides that "In a civil action under this section, appropriate relief includes (1) such preliminary and other equitable or declaratory relief as may be appropriate; (2) damages under subsection (c); and (3) a reasonable attorney's fee and other litigation costs reasonably incurred."

35. As set forth herein, one or more of the Defendants and / or their agents intentionally accessed Plaintiff's gmail, which is a "facility through which an electronic communication service is provided," under The Stored Communications Act.

36. These Defendants did this without Plaintiff's authorization.

37. Through this access, these Defendants obtained access to Plaintiff's gmail emails, or electronic communications, while they were in electronic storage in Plaintiff's designated email server.

38. Prior to being held in electronic storage, each email unlawfully accessed by these Defendants had been transmitted via the Internet, in interstate commerce.

39. Upon information and belief, these Defendants accessed numerous emails in Plaintiff's gmail account.

40. Plaintiff incurred actual damages by the illicit access because she was forced to incur damages in time invested, subject to being sued by her former employer that had access to her pre-employment, employment, and post-employment emails, including privileged communications, as set forth herein.

41. Plaintiff incurred costs in bringing this lawsuit, as well, as alleged herein.

42. These Defendants are also liable for statutory damages for each of the emails accessed, pursuant to § 2707(c).

43. As a result of these actions by these Defendants, Plaintiff is entitled to recover for any and all available relief under the Stored Communications Act, as set forth herein.

## FOR A 2nd CAUSE OF ACTION

(Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*, All Defendants)

44. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint and incorporates them herein by reference.

45. Plaintiff maintained a computer and used her protected computer in interstate commerce.

46. Plaintiff's computer network, included, but is not limited to, all her electronically operated devices connected to the Internet, her e-mail accounts, any webpages, social media, or other electronic devices in which she stores privileged, confidential, and proprietary information.

47. Plaintiff never gave Defendants authorization to access her computer systems.

48. As set forth herein, Defendants accessed and made unauthorized use of the

7

Plaintiff's computer systems, and continued to do so after her terminations with the Defendants.

49. Defendants knew that as of the dates of the Plaintiff's termination, they were prohibited from accessing any information stored in any way on the Plaintiffs' computer systems.

50. The computer systems of the Plaintiff were at all relevant times used in or affecting interstate or foreign commerce or communication and, were therefore "protected computers" under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(e)(2)(B).

51. On information and belief, one or more of the Defendants, individually and / or collectively, with the knowledge and / or approval of each other, intentionally, without authorization and consent, obtained and accessed a Plaintiff's computer systems without consent or authorization from Plaintiff.

52. Defendants have, individually and / or collectively, with the knowledge and / or approval of each other, obtained proprietary and confidential information from Plaintiff's protected computer systems, including, but not limited to, confidential data and privileged information.

53. By their actions, Defendants have, individually and / or collectively, with the knowledge and/or approval of each other, and as agents for their respective partnership / enterprise / conspiracy, intentionally and without authorization accessed a computer, e-mail account, and / or computer network, and have thereby obtained information from a protected computer in violation of 18 U.S.C. § 1030(a)(2)(C).

54. By their actions, Defendants, individually and / or collectively, with the knowledge and / or approval of each other, have caused Plaintiff to incur losses, including but not limited to, responding to Defendants' claims, conducting damage assessments, guarding against future intrusions, attorney's fees and costs in responding to these actions of the Defendants, and

incurring costs and expenses related to the use of the Plaintiff's confidential information in association with the 2018-Lawsuit.

55. As a result of these actions of the Defendants, Plaintiff has suffered economic losses in excess of $5,000.00 in aggregate value as a result of Defendants' course of conduct.

56. As a result of Defendants' individual and collective actions in violation of the CFAA, Plaintiff is entitled to recover economic damages, which include, but are not limited to, her lost income, damage to reputation, and impairment of value to her reputation in amounts to be proven at trial, as well as injunctive relief because Plaintiff has and will continue to suffer irreparable harm and loss as a result of Defendants' unlawful conduct, and any other equitable relief that the Court deems just and proper under 18 U.S.C. § 1030(g).

## **FOR A 4TH CAUSE OF ACTION**

(Invasion of Privacy, EMD, Brancati, Calgie, Blasenak)

57. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint and incorporates them herein by reference.

58. Plaintiff has a right of privacy, including the right to be left alone, not harassed, and / or to be free from unwanted publicity.

59. Plaintiff further had a reasonable expectation of her private affairs, including her private gmail account, and privacy of her information accessible through the email account.

60. Defendants, by virtue of their outrageous conduct as identified and set forth herein, including the unauthorized access to Plaintiff's personal gmail account, have caused an unwanted appropriation of Plaintiff's private affairs.

61. On information and belief, Defendants knew of the planned actions and

encouraged, facilitated, participated, aided, abetted, and / or failed to stop from continuing this outrageous conduct towards Plaintiff.

62. The distress caused to Plaintiff is beyond anything that any reasonable person or ordinary sensibilities could be expected to endure.

63. Defendants did not have permission, or any privilege, to access and use Plaintiff's gmail account, and certainly did not have permission to do so after her employment was terminated.

64. As a result of these actions Defendants, Plaintiff has suffered tremendous emotional distress, mental suffering, and mental distress.

65. As a result of these actions by the Defendants, Plaintiff is entitled to recover her damages caused by Defendants, including punitive damages.

## FOR A 5th CAUSE OF ACTION

(Defamation *Per Se*, EMD, Brancati, Calgie, Blasenak)

66. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint, and incorporate them herein by reference.

67. On information and belief, these Defendants directed numerous false communications regarding Plaintiff, as set forth herein.

68. On information and belief, the individual Defendants were knowledgeable of these pla84 and acquiesced, facilitated, participated in, encouraged, aided, abetted, and / or failed to stop these communications.

69. Defendant's conduct towards the Plaintiff was intentional and malicious, and intended to obtain some sort of advantage for them in this lawsuit.

10

70. None of the Defendants were authorized or privileged to make false statements about the Plaintiff, or to represent to anyone facts they knew about her based on their illegally accessing her gmail account.

71. On information and belief, the false statements about the Plaintiff by the Defendants include accusations of morally impure, socially distasteful, and illegal behavior.

72. On information and belief, these communications were published to others without the knowledge of Plaintiff, and put into the stream of commerce caused her to suffer special damages.

73. Plaintiff's general damages are presumed due to the nature of the communications, as set forth herein.

74. As a result of these actions by the Defendants, Plaintiff's name in the community has been damaged, and she is entitled to recover for her special damages, including for the severe, extensive and irreparable damage to her reputation, including tremendous personal stress and mental suffering, as well as economic damages, including, but not limited to, actual, general, and special damages.

75. Plaintiff has suffered damages to include severe emotional distress, lost sleep, loss of weight, anxiety, fear, unknown and uncurable damage to her good reputation, and has been required to incur special damages in the form of attorney's fees, and costs of this action, due to the acts of the Defendants, as well as other damages, including but not limited to expenses to investigate and determine the extent of damage to her reputation caused by Defendants.

76. Due to the nature of the statements and the reckless manner in which they were made and disseminated by Defendants, Plaintiff is also entitled to an award of punitive damages.

## FOR A 6TH CAUSE OF ACTION

(Civil Conspiracy, EMD, Brancati, Calgie, Blasenak)

77.     Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint, and incorporates them herein by reference.

78.     Defendants combined together for the purpose of harming Plaintiff.

79.     Defendant's conduct, as described herein, has caused the Plaintiff special damages, including but not limited to attorneys' fees, investigation costs, preparing defenses of the criminal charges, costs of response to regulatory enforcement, adverse action as a result of the use of her private emails, and other damages, including but not limited to expenses to investigate and determine the extent of damage to her reputation caused by Defendants.

80.     Plaintiff is also entitled to an award of punitive damages for the Defendants' conspiracy to harm her.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court issue an order relief as requested above and herein, including but not limited to the following:

(a)     a declaration that the Defendants violated the S.C. Homeland Security Act;

(b)     actual damages, and punitive damages under the S.C. Homeland Security Act;

(c)     reasonable attorneys' fees and costs under the S.C. Homeland Security Act;

(d)     an award of all economic, statutory, monetary, actual, consequential, and compensatory damages caused by these Defendant's conduct, and if the conduct is proven willful, award Plaintiff exemplary damages;

(e)     an award of injunctive and other equitable relief as is necessary to protect the interests of Plaintiff, including an order prohibiting these Defendants from

engaging in the wrongful and unlawful acts described herein;

(f) an award to Plaintiff of her reasonable litigation expenses and attorneys' fees;

(g) statutory damages, reasonable attorneys' fees and costs as provided for in the Stored Communications Act;

(h) statutory damages, reasonable attorneys' fees and costs as provided for in the Computer Fraud and Abuse Act;

(i) special damages; and

(j) for such further relief as this Court may deem just and proper under the circumstances to be presented at trial of this matter.

Respectfully Submitted

**WESLEY D. FEW, LLC**

__s/Wesley D. Few/_____
Wesley D. Few, S.C. Fed. Id. No. 07371
P.O. Box 9398
Greenville, South Carolina 29604
864-527-5906 | wes@wesleyfew.com

ATTORNEY FOR PLAINTIFF AMANDA CARSON, F/K/A AMANDA LECHE

Greenville, South Carolina
May 20, 2020

13