IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Amanda Carson, f/k/a Amanda Leche, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 6:20-1946-HMH |
| vs. | ) ) | **OPINION & ORDER** |
| Emergency MD, LLC, David Brancati, Johanna Calgie, and Jason Blasenak, | ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on Defendants Emergency MD, LLC ("EMD"), David Brancati ("Brancati"), and Johanna Calgie's ("Calgie") motion to dismiss and Defendant Jason Blasenak's ("Blasenak") (collectively "Defendants") motion to dismiss, both pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the court grants in part and denies in part Defendants' motions.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Amanda Carson ("Carson") alleges that on or about May 1, 2017, her employment with EMD was terminated. (Compl. ¶ 11, ECF No. 1.) Carson contends that Defendants accessed and/or directed others to access her personal email account without authorization, as evidenced by Defendants printing and publishing her emails in a state court lawsuit in which all parties in the instant matter are involved. (Id. at ¶¶ 13-14, 22, ECF No. 1.) Carson asserts that "Defendants made themselves privy to her highly confidential and privileged communications, including her communications with her legal counsel and her prospective legal counsel, about the subject matter of the allegations in this lawsuit." (Id. at ¶ 14, ECF No. 1.) Carson also

1

contends that her email account contained her personal emails dating back to 2009, Defendants read and otherwise accessed every email in the account, Defendants may have made copies of the emails, Defendants may have deleted any notification emails that were sent to the account to notify Carson of login activity on her account, and Defendants shared this information and/or misrepresented it to law enforcement agencies and/or regulatory staff at the Department of Labor, Licensing, and Regulation.  (Id. at ¶¶ 15-18, ECF No. 1.)

On May 20, 2020, Carson filed the instant lawsuit, alleging six claims against Defendants: (1) violation of the South Carolina Homeland Security Act ("SCHSA"), S.C. Code Ann. § 17-30-10, et seq., (2) violation of the Stored Communications Act ("SCA"), 18 U.S.C. § 2701, et seq., (3) violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 et seq., (4) invasion of privacy, (5) defamation per se, and (6) civil conspiracy.  (Id., generally, ECF No. 1.)  On July 17, 2020, EMD, Brancati, and Calgie filed a motion to dismiss, and on July 21, 2020, Blasenak filed a motion to dismiss, both of which are based on the failure to state a claim upon which relief can be granted.  (Mot. Dismiss, ECF No. 9; Blasenak Mot. Dismiss, ECF No. 10.)  Carson filed a response to both motions on August 12, 2020.  (Resp., ECF No. 16.)  On August 18, 2020, EMD, Brancati, and Calgie filed a reply, and Blasenak filed a reply on August 19, 2020.  (Reply, ECF No. 17; Blasenak Reply, ECF No. 19.)  EMD, Brancati, Calgie, and Blasenak join each other on all grounds.  (Mem. Supp. Blasenak Mot. Dismiss 3-4, ECF No. 10-1; Reply 6, ECF No. 17.)  This matter is now ripe for review.

## II. Discussion of the Law

### A. Rule 12(b)(6) Standard

Under Federal Rule of Civil Procedure 12(b)(6), "a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Id.

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks omitted). While a complaint "does not need [to allege] detailed factual allegations," pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 678 (internal quotation marks omitted). Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**B. The SCHSA Claim**

Defendants argue that Carson's claim under the SCHSA should be dismissed because Carson has failed to allege that an interception has occurred, as required by the SCHSA. (Mem. Supp. Mot. Dismiss 20-21, ECF No. 9-1.) Moreover, Defendants contend that communications are intercepted only if they are acquired contemporaneously with transmission and Carson has admitted that the emails were accessed while in storage. (Id., ECF No. 9-1.)

The SCHSA provides that "[a]ny person whose wire, oral, or electronic communication is intercepted, disclosed, or used in violation of this chapter has a civil cause of action . . . ." S.C. Code Ann. § 17-30-135(A). Moreover, the SCHSA's list of prohibited acts require interception. See S.C. Code Ann. § 17-30-20. The SCHSA defines "intercept" as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." S.C. Code Ann. § 17-30-15(3).

While Carson does not specifically mention the word "intercept" in her allegations, she alleges that Defendants accessed and printed emails from her email account and obtained confidential information from those emails. (Compl. ¶¶ 20-23, ECF No. 1.) At this stage of the litigation, the court finds that these allegations sufficiently fall within the definition of "intercept" to state a claim that is plausible on its face.

Further, a plain reading of the definition of "intercept" does not require that the acquisition must occur contemporaneously with transmission. While some courts have interpreted "intercept" in other contexts as requiring the communication to have been acquired contemporaneously, Defendants have pointed to no law, and the court is unaware of any, indicating that the SCHSA is interpreted in this manner. Compare Luis v. Zang, 833 F.3d 619,

627-30 (6th Cir. 2016) (noting the contemporaneous requirement for interceptions under the federal Wiretap Act). Therefore, the court denies Defendants' motions to dismiss Carson's claim under the SCHSA.

### C. The SCA Claim

Defendants also argue that Carson's claim under the SCA is barred by the statute of limitations. (Mem. Supp. Mot. Dismiss 6-7, ECF No. 9-1.) The SCA provides that "[a] civil action under this section may not be commenced later than two years after the date upon which the claimant first discovered or had a reasonable opportunity to discover the violation." 18 U.S.C. § 2707(f). Stated differently, "the limitations period begins to run when [the plaintiff] discovers that, or has information that would motivate a reasonable person to investigate whether, someone has intentionally accessed the facility through which an electronic communication service is provided and thereby obtained unauthorized access to a stored electronic communication." Kamel v. 5Church, Inc., 3:17-cv-507-RJC-DCK, 2019 WL 4024252, at *15 (W.D.N.C. Aug. 23, 2019) (unpublished) (citations and internal quotation marks omitted).

Defendants submit that Carson had a reasonable opportunity to discover a violation of the SCA on April 24, 2018, the date she accepted service of the complaint in the state court lawsuit ("state court complaint"), because the state court complaint referred to and quoted the contents of her emails. (Mem. Supp. Mot. Dismiss 6-7, ECF No. 9-1.) Thus, Defendants argue that Carson's complaint in the instant matter, filed on May 20, 2020, was untimely. (Id., ECF No. 9-1.) However, Carson claims that she did not file an answer to the state court complaint until June 22, 2018, which is less than two years from the date of filing the instant matter, and

5

that "there is nothing to show that [she] was required to read or did read the [state court] complaint prior to retaining counsel and filing her Answer . . . ." (Resp. 4-7, ECF No. 16.) In addition, Carson contends that the state court complaint did not put her on notice that Defendants read her emails by accessing her personal email account because the emails could have come from another source. (Id., ECF No. 16.) Carson asserts that she did not discover that Defendants obtained the information through her email account until February 27, 2019, when her counsel received the document production in the state court lawsuit. (Id. at 8, ECF No. 16.)

Courts have routinely found that questions of whether a plaintiff had a reasonable opportunity to discover a violation is a question of fact and not properly decided at the motion to dismiss stage. See e.g., Nock v. Broward Cty. Sheriff's Office, Case No. 11-61557-CIV-MARRA, 2013 WL 11941576, at *3 (S.D. Fla. Mar. 27, 2013) (unpublished) ("The Court concludes that whether the . . . arrest or the . . . production of documents constitutes a reasonable opportunity to discover a violation of the SCA is a question of fact that must be decided by a trier of fact and not decided at [the motion to dismiss stage]."); Ideal Aerosmith, Inc. v. Acutronic USA, Inc., Civil Action No. 07-1029, 2007 WL 4394447, at *3 (E.D. Pa. Dec. 13, 2007) (unpublished) (finding that questions of fact regarding the discovery of a violation of the SCA preclude dismissal); Bell ex rel. Bell v. Bd. of Educ. of Cty. of Fayette, 290 F. Supp. 2d 701, 710 (S.D. W. Va. 2003) (applying a similar discovery rule and noting that the statute of limitations issues regarding reasonableness were "all fact questions not amenable to a motion to dismiss."). Therefore, the court finds that questions of fact preclude dismissal on statute of limitations grounds at this stage.

Defendants also argue that Carson's claim under the SCA should be dismissed because she has not sufficiently alleged that the emails were in "electronic storage," as defined by 18 U.S.C. § 2510(17).  (Mem. Supp. Mot. Dismiss 7-9, ECF No. 9-1.)  More specifically, Defendants claim that emails must be unopened at the time of the unauthorized access to constitute electronic storage under the SCA and Carson has not pled such facts.  (Id., ECF No. 9-1.)  However, the Fourth Circuit has held that previously opened emails fall within the definition of electronic storage in § 2510(17).  Hately v. Watts, 917 F.3d 770, 786 (4th Cir. 2019) ("In light of the ordinary meaning of storage and Congress's intent that the term be interpreted broadly, we agree with the Ninth Circuit that prior access is irrelevant to whether an email is in storage . . . .").  Therefore, the court finds that Carson has stated a claim that is plausible on its face, and Defendants' motions to dismiss Carson's claim under the SCA are denied.

### D. The CFAA Claim

Defendants also argue that Carson's claim under the CFAA is time barred.  (Mem. Supp. Mot. Dismiss 12-16, ECF No. 9-1.)  The CFAA is primarily a criminal statute, but under some circumstances, it permits private parties who suffer "damage or loss" to bring a civil action.  See A.V. ex rel. Vanderhye v. iParadigms, LLC, 562 F.3d 630, 645 (4th Cir. 2009); 18 U.S.C. § 1030(g).

A plaintiff bringing a civil action under the CFAA must do so within two years of (1) "the date of the act complained of" or (2) "the date of the discovery of the *damage*." 18 U.S.C. § 1030(g) (emphasis added).  The CFAA distinguishes between "damage" and "loss," and consequently, if a plaintiff does not allege "damage," as defined by § 1030(e)(8), then the

plaintiff is limited to bringing the action within two years of the date of the act complained of in this claim. See State Analysis, Inc. v. Am. Fin. Servs. Assoc., 621 F. Supp. 2d 309, 315-17 (E.D. Va. 2009) (noting that the CFAA "distinguishes between loss and damage in that the 'discovery' provision that can lengthen the statute of limitations applies only to the discovery of damage, not loss" and finding that a plaintiff's claim failed because the plaintiff only alleged loss and did not bring the claim within two years of the date of the act complained of); Kamel, 2019 WL 4024252, at *17 (noting that if a party "has not come forward with any evidence of 'damage' within the meaning of the CFAA[, then,] as a result, the two-year statute of limitations runs from 'the date of the act complained of' rather than 'the date of discovery of the damage.'").

The CFAA defines "damage" as "any impairment to the integrity or availability of data, a program, a system, or information[.]"  § 1030(e)(8).  In contrast, "loss" is defined as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service[.]"  § 1030(e)(11).

In her claim under the CFAA, Carson alleges:

> 54.  By their actions, Defendants . . . have caused [Carson] to incur losses, including but not limited to, responding to Defendants' claims, conducting damage assessments, guarding against future intrusions, attorney's fees and costs in responding to these actions of the Defendants, and incurring costs and expenses related to the use of the [Carson's] confidential information in association with the [state court lawsuit].
>
> 55.  As a result of these actions of the Defendants, [Carson] has suffered economic losses in excess of $5,000 in aggregate value . . . .

> 56. As a result of Defendants' individual and collective actions in violation of the CFAA, [Carson] is entitled to recover economic damages, which include, but are not limited to, her lost income, damage to reputation, and impairment of value to her reputation in amounts to be proven at trial, as well as injunctive relief because [Carson] has and will continue to suffer irreparable harm and loss as a result of Defendants' unlawful conduct . . . .

(Compl. ¶¶ 54-56, ECF No. 1.) Carson has failed to plead any impairment to the integrity or availability of data, a program, a system, or information, but rather solely alleges monetary losses. Consequently, Carson was required to bring the instant matter within two years of the date of the act complained of in this claim. Carson has conceded that the only access that she is specifically aware of occurred on May 30, 2017, and that the instant matter was not filed within two years of that date. (Resp. 8, ECF No. 16.) Consequently, Carson has not filed her claim under the CFAA within the applicable statute of limitations.

In response, Carson submits that the doctrine of equitable tolling warrants tolling the statute of limitations. (Resp. 15-15, ECF No. 16.) "[E]quitable tolling is appropriate when extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time. Equitable tolling is not appropriate, however, where [plaintiffs] failed to exercise due diligence in preserving [their] legal rights." Chao v. Va. Dep't of Transp., 291 F.3d 276, 283 (4th Cir. 2002) (internal quotation marks and citations omitted). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Carson claims that she attempted to amend her pleadings in the state court lawsuit to add her claim under the CFAA, but that she was prevented from doing so because of a bankruptcy stay in that case filed by another party. (Resp. 15, ECF No. 16.) Carson argues that this stay

was beyond her control and warrants equitable tolling from at least the date she sought to amend her pleadings on January 27, 2020.  (Id., ECF No. 16.)

However, in the instant matter, the deadline for filing within the two-year statute of limitations of the CFAA was May 30, 2019, two years after the date she alleges her email was accessed.  Therefore, tolling the statute of limitations beginning on January 27, 2020 would be to no avail.  Further, Carson claimed that she actually discovered that Defendants had accessed her emails through her personal email account on February 27, 2019.  (Resp. 8, ECF No. 16.)  Carson has failed to present evidence of any extraordinary circumstances preventing her from filing her claim under the CFAA between February 27, 2019 and May 30, 2019.  Therefore, the court finds that equitable tolling does not warrant tolling the statute of limitations and that Carson's CFAA claim is time barred.[1]  Consequently, Defendants' motions to dismiss Carson's claim under the CFAA are granted.

### E. Invasion of Privacy Claim

Additionally, Defendants assert that Carson's invasion of privacy claim should be dismissed because she fails to allege any serious mental injury, physical injury, or humiliation, as required to state a claim for invasion of privacy.  (Mem. Supp. Blasenak Mot. Dismiss 4-6, ECF No. 10-1.)  However, Carson alleges that "the distress caused to [her] is beyond anything that any reasonable person o[f] ordinary sensibilities could be expected to endure[,]" and that she "has suffered tremendous emotional distress, mental suffering, and mental distress." (Compl. ¶¶ 62, 64, ECF No. 1.)  The court finds that Carson's allegations regarding her injuries

---

[1] Carson also argues that the statute of limitations has not expired based on several South Carolina Rules of Civil Procedure.  (Resp. 13-14, ECF No. 16.)  However, state procedural rules are inapplicable to federal causes of action in federal court.

10

are sufficient to state a claim that is plausible on its face, and Defendants' motions to dismiss are denied for Carson's invasion of privacy claim.

### E. Defamation Per Se Claim

Moreover, Defendants argue that Carson's state law claim for defamation per se should be dismissed because she does not allege with any specificity what false statements were made about her.  (Mem. Supp. Mot. Dismiss 21-22, ECF No. 9-1.)  To prove defamation, a plaintiff must show "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication."  McNeil v. S.C. Dep't of Corr., 743 S.E.2d 843, 848 (S.C. Ct. App. 2013).[2]

Many courts applying South Carolina law have found that a lack of specificity in a plaintiff's allegations regarding a defamation claim warrants dismissal.  See e.g., Dombek v. Adler, Civil Action No. 2:18-cv-391-RMG, 2019 WL 459019, at *2 (D.S.C. Feb. 5, 2019) (unpublished) (granting a motion to dismiss on a claim for defamation per se because a claimant alleged "nothing more than a recitation of the[] elements" and merely stated that "'on multiple occasions,' including in an email dated '19 September 2015' the Plaintiffs 'published unprivileged statements alleging that [the claimant] engaged in crimes of moral turpitude and acted in a manner unfit for [the claimant's] lawsuit business or profession.'"); McNeil, 743

---

[2] Defamation per se has been used in two different ways in South Carolina case law, and Carson does not specify whether she is proceeding based on the interpretation that the statement was defamatory on its face or that the statement was actionable without proof of malice or damages due to the subject matter of the statement.  See S.C. Juris. Libel and Slander § 3 (1993); Holtzscheiter v. Thomson Newspapers, Inc., 506 S.E.2d 497, 501-02 (S.C. 1998). However, such analysis is irrelevant because Carson has failed to properly plead the elements of defamation required under both interpretations.

S.E.2d at 848 (upholding dismissal of a defamation claim, in part because the plaintiff "did not set forth with any specificity what the alleged false statements were"); Jackson v. Denmark Tech. Coll., Civil Action No. 1:17-03431-MGL, 2018 WL 3729743, at *5-6 (D.S.C. Aug. 6, 2018) (unpublished) (partially granting motion to dismiss because a plaintiff failed to improperly plead the publication element of a defamation per se claim due to the plaintiff not alleging to whom she was defamed).

Carson has alleged that Defendants "directed numerous false communications" about her and that these communications "include accusations of morally impure, socially distasteful, and illegal behavior." (Compl. ¶¶ 67, 71, ECF No. 1.) However, Carson has failed to allege what defamatory statements were made about her. Moreover, it is unclear to whom the defamatory statements were published, as Carson has not pled such facts with specificity under this cause of action. Consequently, the court finds that Carson fails to state a claim that is plausible on its face and grants Defendants' motion to dismiss Carson's defamation per se claim.

### F. Civil Conspiracy Claim

Further, Defendants contend that Carson's state law claim for civil conspiracy should be dismissed because she fails to plead facts regarding additional acts in furtherance of a conspiracy. (Mem. Supp. Mot. Dismiss 23, ECF No. 9-1.) In response, Carson submits that her complaint alleges all of the required elements. (Resp. 13, ECF No. 16.)

To prove a civil conspiracy, a plaintiff must show "(1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, and (3) causing plaintiff special damage." Hackworth v. Greywood at Hammett, LLC, 682 S.E.2d 871, 874 (S.C. Ct. App. 2009) (citation omitted). Civil conspiracies are not actionable until "overt acts occur which proximately cause

12

damage to the plaintiff." Id. (citations omitted).  Accordingly, a plaintiff "must plead additional acts in furtherance of the conspiracy separate and independent from other wrongful acts alleged in the complaint, and the failure to properly plead such acts will merit the dismissal of the claim."  Id. at 875 (citations omitted).

In the instant matter, Carson alleges that "Defendants combined together for the purpose of harming [her]" and that this conduct caused her special damages.  (Compl. ¶¶ 78-79, ECF No. 1.)  Such allegations do not indicate any additional acts that are separate and independent from other wrongful acts alleged in the complaint.  Moreover, a formulaic recitation of the elements of a cause of action will not suffice.  Therefore, Defendants' motions to dismiss Carson's civil conspiracy claim are granted.

### III. CONCLUSION

Based on the foregoing, Defendants' motions to dismiss are granted for Carson's claims for violation of the CFAA, defamation per se, and civil conspiracy and denied for Carson's claims for violation of the SCA, violation of the SCHSA, and invasion of privacy.[3]

It is therefore

**ORDERED** that EMD, Brancati, and Calgie's motion to dismiss, docket number 9, is granted in part and denied in part.  It is further

---

[3] Because the court has not dismissed all federal causes of action, the court need not address Defendants' arguments regarding supplemental jurisdiction.

**ORDERED** that Blasenak's motion to dismiss, docket number 10, is granted in part and denied in part.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
August 25, 2020