**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| Amanda Carson, f/k/a/ Amanda Leche, | ) ) ) ) ) ) ) | Case No. 6:20-cv-01946-HMH |
| Plaintiff, | ) ) ) ) | **ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS FOR DEFENDANTS EMERGENCY MD, LLC, DAVID BRANCATI AND JOHANNA CALGIE** |
| vs. | ) ) ) | |
| Emergency MD, LLC, David Brancati, Johanna Calgie, and Jason Blasenak, | ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendants Emergency MD, LLC, David Brancati, and Johanna Calgie ("Defendants"), answer the Complaint of Plaintiff Amanda Carson, f/k/a Amanda Leche ("Plaintiff" or "Carson"), allege and show as follows:

Defendants answer the allegations for the 3rd, 5th, and 6th causes of action, each of which have been dismissed by this Honorable Court, only to the extent that an answer is required. Defendants deny each and every allegation of the Complaint not expressly admitted herein:

1. Defendants admit Complaint Paragraph 1 upon information and belief.

2. Upon information and belief, Defendants deny Complaint Paragraph 2.

3. Defendants admit Complaint Paragraph 3.

4. Defendants admit Complaint Paragraph 4.

5. Defendants admit Complaint Paragraph 5.

6. Defendants admit Complaint Paragraph 6.

7. Defendants admit Complaint Paragraph 7.

8. Complaint Paragraph 8 states a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

9. Complaint Paragraph 9 states a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

10. Defendants admit Complaint Paragraph 10.

11. Defendants admit Complaint Paragraph 11.

12. Defendants admit Complaint Paragraph 12.

13. Defendants deny making an unauthorized access or directing anyone else to make an unauthorized access to Plaintiff's personal gmail account. Defendants had Plaintiff's explicit permission to view activity on the work computer, including personal emails. All other allegations in Complaint Paragraph 13 are denied.

14. Defendants deny the allegations in Complaint Paragraph 14.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Complaint Paragraph 15 and therefore deny the same. Defendants object to the term "known breach" as it draws a legal conclusion. Defendants do not possess knowledge of the temporal availability of the contents of Plaintiff's personal email account.

16. Defendants deny making any unauthorized access to Plaintiff's gmail account. Defendants also deny reading and/or accessing each and every email in the account and making copies of said emails. Defendants admit to making copies of emails produced in

discovery in the 2018 Lawsuit and Plaintiff granted Defendant Emergency MD, LLC permission to review emails on the company computer. Defendants deny all other allegations in Complaint Paragraph 16.

17. Defendants deny deleting any notification emails that may have been sent to Plaintiff's gmail account of login activity. Defendants also note this allegation is purely speculation and Plaintiff admits such by using the language "may have." Defendants deny all other allegations in Complaint Paragraph 17.

18.  Defendants deny the allegations in Paragraph 18.

## 1ST CAUSE OF ACTION

19. Defendants reassert and reallege their responses to Paragraphs 1 through 18 above as is fully set forth herein and incorporate the same herein by reference.

20. Defendants admit that they it did not request authorization because authorization was previously granted and authorized by Plaintiff. Defendant denies the remaining allegations of Paragraph 20.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and therefore deny the same.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and therefore deny the same.

23. Defendants deny the allegations contained in Paragraph 23.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and therefore deny the same.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and therefore deny the same.

26. Defendants deny making any unauthorized access to Plaintiff's gmail account. Defendant also denies reading and/or accessing each and every email in the account and making copies of said emails. All remaining allegations in Paragraph 26 are denied.

27. Defendants deny the allegations in Paragraph 27.

28. Defendants deny the allegations in Paragraph 28. Defendants object to the use of the term "illegally accessed" and "misrepresented" to the extent it draws a legal conclusion.

29. Defendants deny the allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

## 2nd CAUSE OF ACTION

31. Defendants reassert and reallege their responses to Paragraphs 1 through 30 above as is fully set forth herein and incorporate the same herein by reference.

32. Paragraph 32 states a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

33. Paragraph 33 states a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

34. Paragraph 34 states a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and therefore deny the same.

39. Defendants deny the allegations in Paragraph 39.

40. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and therefore deny the same.

41. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and therefore deny the same.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

### 3rd CAUSE OF ACTION

44. Defendants reassert and reallege their responses to Paragraphs 1 through 43 above as is fully set forth herein and incorporate the same herein by reference.

45. Defendants object to the use of the term "her protected computer" to the extent that it implies the computer belonged to Plaintiff and same is denied. Defendants admit that Plaintiff used a computer belonging to EMD and that the computer was used in interstate commerce. All other allegations in Paragraph 45 are denied.

46. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 and therefore deny the same.

47. Defendants deny the allegations in Paragraph 47. Plaintiff gave Defendant Emergency MD, LLC authorization as explicitly stated in the Electronic Use Monitoring Policy.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and therefore deny the same.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and therefore deny the same.

56. Defendants deny the allegations in Paragraph 56.

## 4th CAUSE OF ACTION

57. Defendants reassert and reallege their responses to Paragraphs 1 through 56 above as is fully set forth herein and incorporate the same herein by reference.

58. Paragraph 58 states a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

59. Paragraph 59 states a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

60. Defendants deny the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62.

63. Defendants deny the allegations in Paragraph 63.

64. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 and therefore deny the same.

65. Defendants deny the allegations in Paragraph 65.

## 5th CAUSE OF ACTION

66. Defendants reassert and reallege their responses to Paragraphs 1 through 65 above as is fully set forth herein and incorporate the same herein by reference.

67. Defendants deny the allegations in Paragraph 67.

68. Defendants deny the allegations in Paragraph 68.

69. Defendants deny the allegations in Paragraph 69.

70. Defendants deny the allegations in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71. Defendants have made no false statements concerning Plaintiff.

72. Defendants deny the allegations in Paragraph 72.

73. Defendants deny the allegations in Paragraph 73.

74. Defendants deny the allegations in Paragraph 74. Plaintiff's name in the community has been damaged based upon her own behavior and her loss of reputation is the result of her own behavior and has in no way been caused by any action of the Defendants.

75. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 and therefore deny the same.

76. Defendants deny the allegations in Paragraph 76.

## 6th CAUSE OF ACTION

77. Defendants reassert and reallege their responses to Paragraphs 1 through 76 above as is fully set forth herein and incorporate the same herein by reference.

78. Defendants deny the allegations in Paragraph 78.

79. Defendants deny the allegations in Paragraph 79.

80. Defendants deny the allegations in Paragraph 80.

## AFFIRMATIVE DEFENSES

Defendants, for their Affirmative Defenses, without admitting that it bears the burden of persuasion of these issues, states as follows:

## FOR A FIRST AFFIRMATIVE DEFENSE
### (Setoff)

1. Defendants allege that any recovery by Amanda Leche must be set off or reduced, abated, or apportioned to the extent that any other party's actions caused or contributed to damages, if any, and must be set off or reduced, abated, or apportioned to the extent that the amount of any judgment against them is paid to Amanda Leche for the alleged setoffs by others.

## FOR A SECOND AFFIRMATIVE DEFENSE
### (Defendants' Obligations Void or Excused)

2. To the extent Amanda Leche alleges Defendants had any obligation as to which full performance has not been rendered or excused, that obligation did not exist or was based upon acts or omissions that were void or otherwise extinguished.

## FOR A THIRD AFFIRMATIVE DEFENSE
### (Breach of Contract)

3. Defendants allege that to the extent Amanda Leche seeks recovery in contract, she materially breached the terms and conditions of any agreements and is therefore entitled to no relief.

## FOR A FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

4. Defendants allege that Amanda Leche's action is barred under the equitable doctrine of unclean hands.

## FOR A FIFTH AFFIRMATIVE DEFENSE
### (Release/Authorization)

5. Amanda Leche explicitly or implicitly released Defendants from any liability and granted Defendants access to her work computer and email and provided them authorization through a written Electronic Use Monitoring Policy agreement regarding this access.

### FOR AN SIXTH AFFIRMATIVE DEFENSE
### (Bad Faith)

6. Amanda Leche's bad faith bars her claims, or that damages that Amanda Leche alleges she is owed must be reduced as a result of Amanda Leche's comparative bad faith.

### FOR A SEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

7. Defendants allege that Amanda Leche's conduct estopped her rights to file this action.

### FOR A EIGHTH AFFIRMATIVE DEFENSE
### (Defendants' Full Performance)

8. Defendants allege that they performed all of the actions required of them and that the only additional action required was Amanda Leche's lack of performance.

### FOR AN NINTH AFFIRMATIVE DEFENSE
### (Waiver, Laches and Consent)

9. Amanda Leche's claims are barred, in whole or in part, by the doctrines of waiver, laches and consent.

### FOR A TENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

10. Amanda Leche's claims are barred by the statute of limitations.

### FOR A ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

11. Amanda Leche's claims fail to state facts sufficient to support a claim against Defendants.

### FOR A TWELFTH AFFIRMATIVE DEFENSE
### (Election of Remedy)

12. To the extent Amanda Leche seeks double recovery for any alleged single wrong, she must elect a single remedy.

**FOR A THIRTEENTH AFFIRMATIVE DEFENSE**
**(Failure to prove punitive damages)**

13. Amanda Leche has failed to allege any facts which would, if proven, provide a basis for awarding punitive damages.

**FOR A FOURTEENTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

14. Amanda Leche's claims are barred or limited to the extent that it has failed to mitigate its alleged damages.

**FOR A FIFTEENTH AFFIRMATIVE DEFENSE**
**(Res Judicata and Collateral Estoppel)**

15. Amanda Leche's claims are barred by the doctrines of res judicata and collateral estoppel.

**FOR A SIXTEENTH AFFIRMATIVE DEFENSE**
**(Business Judgment Rule)**

16. Defendants were acting in good faith in all actions pertaining to Plaintiff's allegations. Defendants exercised reasonable business judgment, acting in good faith and with due care, in making all decisions, including those pertaining to Plaintiff. Accordingly, the business judgment rule precludes liability for Defendants' actions.

**FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Limitation on punitive damages)**

17. Defendants cannot be held liable for any punitive damages because any wrongful conduct alleged, which is expressly denied, is contrary to Defendants' good faith efforts to comply with the law.

## FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

18. The Plaintiff's claim for punitive damages violates the Fifth, Sixth, Seventh, and/or Fourteenth Amendments of the Constitution of the United States.

## FOR A NINETEENTH AFFIRMATIVE DEFENSE

19. Defendants plead the limitations on punitive damage awards found in SC Code Annotated 15-32-510 to 530, and request bifurcation in accordance with these code sections.

## FOR A TWENTIETH AFFIRMATIVE DEFENSE

20. Plaintiff's claims are barred, in whole or in part, by her consenting to the publication of facts.

## FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Defendants reserve the right to assert additional affirmative defenses and defenses as may appear applicable during the course of this litigation, including the after-acquired evidence defense.

## COUNTERCLAIMS

Having responded to each and every paragraph of Plaintiff's complaint, Defendants assert their Counterclaims against Plaintiff as follows:

1. Plaintiff Amanda Carson, f/k/a Amanda Leche (hereinafter "Plaintiff"), is a citizen and resident of Greenville County.

2. Defendant EmergencyMD, LLC ("EMD") is a South Carolina limited liability company with locations in Greenville, South Carolina and Boiling Springs, South Carolina.

3. The Court has supplemental jurisdiction over Defendant's state and common law counterclaims pursuant to 28 U.S.C. §1367, which form part of the same case or controversy.

4. Based upon the foregoing, this Court has jurisdiction over the subject matter and the parties to this action, and venue is proper in this court.

## Background Facts

5. EMD hired Carson as an independent contractor physician assistant in March 2015.

6. In October 2017, Carson signed a Code of Conduct and Compliance Plan that governed her relationship with EMD.

7. In January 2017, Carson signed an Independent Contractor Agreement that further governed her relationship with EMD.

8. Carson had actual knowledge of the Independent Contractor Agreement and the Code of Conduct and Compliance Plan that governed her relationship with EMD.

9. Section 1.5 of Carson's Independent Contractor Agreement with EMD stated that she will comply with all policies and procedures established by EMD.

10. At the time Carson was an independent contractor for EMD, EMD maintained an "Electronic Use Monitoring Policy" (attached as Exhibit A) which states specifically:

> All information created, sent, received, or stored on the company's electronic resources is company property. Such information is not the private property of any worksite employee and worksite employees should have no expectation of privacy in the use or contents of the company's electronic resources. Passwords do not come for any right of privacy upon any work site employee of the company. ***Worksite employees should understand that the company may monitor the usage of its electronic resources and email access, review, and disclose information stored on its electronic resources, including messages, personal email communications sent and received on the employer's computers*** but using private email accounts, and other data at any time, with or without advance notice to the user or the user's consent.

EmergencyMD's Electronic Use Monitoring Policy.

11. EMD terminated Carson on May 1, 2017 for violations of EMD's Independent Contractor Agreement and Code of Conduct.

12. EMD's termination notice prohibited Carson from setting foot on any EMD or PainMD property. EMD's termination notice also prohibited Carson from contacting any EMD employee.

13. The day after EMD terminated her, Carson violated the termination notice by contacting EMD employees to ask if she could have temporary access to EMD's database.

14. EMD employees reiterated the termination notice and reminded Carson that she was prohibited from contacting any EMD employee.

15. During her employment at EMD, Carson regularly used a shared work computer owned by EMD.

16. During her employment, Federal Agents learned of Carson's suspected involvement with a criminal operation selling narcotics online. The agents became aware of Carson's connection when they discovered inappropriate messages Carson had sent to Ted Kheberod who had been charged with criminal activity by the Federal Government.

17. Federal Agents obtained a warrant and raided EMD's Boiling Springs location to question Carson and EMD employees about Carson's suspected criminal behavior and investigate, inspect and search the EMD computer that Carson used.

18. Upon information and belief Carson left her personal email account logged into on the shared work computer or her husband, Blake Leche logged into her email and left the account open on the shared work computer.

19. Upon information and belief Carson conspired with Blake Leche to steal and transfer PainMD's patient lists, history, information, and demographics and other practice documents to their new employer.

20. The electronic use monitoring policy is intended to help Defendants monitor this exact type of unlawful and damaging behavior by Plaintiff.

21. Upon information and belief Carson has "unclean hands" and has brought this action merely to harass Defendants.

### FIRST COUNTERCLAIM
### (Declaratory Judgment)

22. Defendants allege that they are entitled to declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201(a).

23. Defendants request a declaratory judgement of this court that:

    a. The "Electronic Use Monitoring Policy" (attached as Exhibit A) is legally binding between the parties.

    b. The Electronic Use Monitoring Policy applies to information stored on EMD's company computer not only during Carson's employment, but continues to apply after her employment and in the future between the parties.

    c. Plaintiff has consented to monitoring of her emails sent, received, and stored on employer EMD's computers and therefore cannot claim any expectation of privacy in regard to these communications.

    d. Plaintiff's use of her personal email on a work computer to steal trade secrets from the business and disclose patient information in violation of HIPPA, is the exact purpose of the Electronic Use Monitoring Policy to which she consented.

## SECOND COUNTERCLAIM
## (Malicious Prosecution)

24. Defendants repeat and reallege the allegations set forth in the preceding paragraphs of its Counterclaims as though fully set forth herein.

25. Plaintiff Carson and her attorney have instituted civil proceedings by filing six causes of action in this case C.A. No. 6:20-1946-HMH.

26. Three of the causes of action, Computer Fraud and Abuse Act, defamation per se, and civil conspiracy, have been dismissed by this court resulting in Defendants' favor.

27. Plaintiff Carson has engaged in intentional wrongful action bringing these claims without just cause or excuse.

28. The facts and circumstances did not support a reasonable belief that Defendants were guilty of any of these dismissed alleged wrongs.

29. Carson knew that the statute of limitations had expired for the Computer Fraud and Abuse Act but filed claims anyway with the purpose of causing injury and damage to Defendants.

30. Plaintiff knew that Plaintiff's email were her own written statements and could in no way constitute a statement made by another person constituting defamation per se. These facts and circumstances did not support any reasonable belief that Defendants could be guilty of defamation per se.

31. Plaintiff's actions have resulted in substantial legal fees, court costs, embarrassment, humiliation, and other mental damages and lost wages for Defendants.

## THIRD COUNTERCLAIM
### (Frivolous Proceedings)

32. Defendants repeat and reallege the allegations set forth in the preceding paragraphs of its Counterclaims as though fully set forth herein.

33. Defendants allege that Plaintiff has initiated the lawsuit without a reasonable basis that any recovery is due under any applicable theory of South Carolina law or Federal law.

34. Defendants allege that Plaintiff initiated this lawsuit primarily for the intended purpose of harassing Defendants.

35. Defendants have had to incur attorney's fees as a result of this lawsuit, that they would otherwise not have incurred.

36. Defendants assert the above constitutes a frivolous lawsuit as contemplated by the South Carolina Frivolous Claims Act.

37. Defendants request that Plaintiff be responsible for all costs, attorney fees and other damages incurred by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, HAVING FULLY SET FORTH THEIR DEFENSES, Defendants pray that this Court award the following relief:

    a.    An order dismissing Plaintiff's Complaint with prejudice, and all costs and reasonable attorneys' fees and other damages incurred by Defendants in defending this action; and

    b.    Any other relief that this Court deems just and equitable.

Respectfully Submitted,

LAW OFFICE OF R. MILLS ARIAIL, JR.

s/R. Mills Ariail, Jr.
R. Mills Ariail, Jr.  (SC Federal Bar No. 7926)
11 North Irvine Street, Suite 11
Greenville SC 29601
864-232-9390
Fax 864-232-9392
mills@rmalawoffice.com
*Attorney for Defendants*

September 8, 2020
Greenville, South Carolina