IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Amanda Carson, f/k/a | ) | |
| Amanda Leche, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:20-1946-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Emergency MD, LLC, David Brancati, | ) | |
| Johanna Calgie, and Jason Blasenak, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff Amanda Carson's ("Carson") motion to

dismiss Defendants Emergency MD, LLC ("EMD"), David Brancati ("Brancati"), and Johanna

Calgie's ("Calgie") (collectively "Defendants") counterclaims, pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure.  For the reasons set forth below, the court grants in part and

denies in part Carson's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Carson alleges that on or about May 1, 2017, her employment with EMD was

terminated.  (Compl. ¶ 11, ECF No. 1.)  Carson contends that Defendants accessed and/or

directed others to access her personal email account without authorization, as evidenced by

Defendants printing and publishing her emails in a state court lawsuit in which all parties in the

instant matter are involved.  (Id. at ¶¶ 13-14, 22, ECF No. 1.)  Carson asserts that "Defendants

made themselves privy to her highly confidential and privileged communications, including her

communications with her legal counsel and her prospective legal counsel, about the subject

matter of the allegations in this lawsuit."  (Id. at ¶ 14, ECF No. 1.)  Carson also contends that

1

her email account contained her personal emails dating back to 2009, Defendants read and

otherwise accessed every email in the account, Defendants may have made copies of the emails,

Defendants may have deleted any notification emails that were sent to the account to notify

Carson of login activity on her account, and Defendants shared this information and/or

misrepresented it to law enforcement agencies and/or regulatory staff at the Department of

Labor, Licensing, and Regulation.  (Id. at ¶¶ 15-18, ECF No. 1.)

On May 20, 2020, Carson filed the instant lawsuit, alleging six claims against

Defendants: (1) violation of the South Carolina Homeland Security Act ("SCHSA"), S.C. Code

Ann. § 17-30-10, et seq., (2) violation of the Stored Communications Act ("SCA"), 18 U.S.C.

§ 2701, et seq., (3) violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C.

§ 1030 et seq., (4) invasion of privacy, (5) defamation per se, and (6) civil conspiracy.  (Id.,

generally, ECF No. 1.)  On August 25, 2020, the court granted Defendants EMD, Brancati,

Calgie, and Blasenak's motions to dismiss Carson's CFAA, defamation per se, and civil

conspiracy claims.  (Opinion & Order, generally, ECF No. 22.)  The court denied Defendants

EMD, Brancati, Calgie, and Blasenak's motions to dismiss Carson's SCHSA, SCA, and

invasion of privacy claims.  (Id., ECF No. 22.)

On September 8, 2020, Defendants filed an answer and counterclaims.  (Ans. &

Countercls., ECF No. 26.)  On September 20, 2020, Carson filed a motion to dismiss

Defendants' counterclaims based on the failure to state a claim upon which relief may be

granted.  (Mot. Dismiss, ECF No. 27.)  On September 28, 2020, Defendants filed an amended

answer and counterclaims.  (Am. Ans. & Countercls., ECF No. 28.)  The court dismissed

Carson's motion to dismiss as moot on October 7, 2020.  (Opinion & Order, ECF No. 35.)  On

October 12, 2020, Carson filed a motion to dismiss Defendants' amended counterclaims based on failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Mot. Dismiss, ECF No. 36.)  Defendants filed a response in opposition on October 22, 2020.  (Resp., ECF No. 38.)  Carson did not file a reply.  This matter is now ripe for review.

## II. Discussion of the Law

### A. Rule 12(b)(6) Standard

Under Federal Rule of Civil Procedure 12(b)(6), "a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief."  Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).  "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff."  Id.

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (internal quotation marks omitted).  While a complaint "does not need [to allege] detailed factual allegations," pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and

3

plausibility of entitlement to relief." Iqbal, 556 U.S. at 678 (internal quotation marks omitted). Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## B. The Declaratory Judgment Counterclaim

Pursuant to the Federal Uniform Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, ("DJA") Defendants seek the following declarations:

A. The "Electronic Communications" policy is legally binding between the parties.

B. The "Electronic Communications" policy applies to information stored on EMD's company computer not only during Carson's employment, but continues to apply after her employment and in the future between the parties.

C. [Carson] has consented to monitoring of her emails sent, received, and stored on employer EMD's computers and therefore cannot claim any expectation of privacy in regard to these communications.

D. [Carson's] use of her personal email on a work computer to steal trade secrets from the business and disclose patient information in violation of HIPPA, is the exact purpose of the "Electronic Communications" policy to which she consented.

(Am. Ans. & Countercls. 14, ECF No. 28.)  Carson's claims against Defendants are based on allegations that Carson had a reasonable expectation of privacy in her activity on EMD's computers and that Defendants accessed Carson's emails without authorization.  (See Compl., generally, ECF No. 1.)  Defendants seek a declaration that the Electronic Communications policy applies to the parties "not only during [Carson's] time at EMD, but continues to be in effect."  (Resp. 4, ECF No. 38.)  It is Defendants' position that if the Electronic Communications policy is legally binding, then Carson "cannot possibly have any reasonable

4

expectation of privacy and any alleged access would have clearly been with authorization."
(Id., ECF No. 38.)

Carson argues that the Electronic Communications policy is inapplicable to her claims.
(Mot. Dismiss 3, ECF No. 36.)  Moreover, Carson contends that no actual controversy exists in
Defendants' declaratory judgment claim because any right Defendants may have had to access
Carson's personal email "terminated when her relationship was terminated with EMD."  (Id. 5,
ECF No. 36.)  At this stage in the litigation, the court finds an actual controversy does exist:
whether the Electronic Communications policy is legally binding between the parties, and, if so,
what impact, if any, the policy has on Carson's claims.

Therefore, the court denies Carson's motion to dismiss Defendants' counterclaim under
the DJA.

### C. The Malicious Prosecution Counterclaim

Defendants' counterclaim against Carson for malicious prosecution is based on the
court's previous order dated August 25, 2020, dismissing Carson's claims for violation of the
CFAA, defamation per se, and civil conspiracy.  (Am. Ans. & Countercls. 15, ECF No. 28.)  In
order to maintain an action for malicious prosecution, Defendants must prove the following: (1)
the institution or continuation of original judicial proceedings, either civil or criminal; (2) by, or
at the direction of Carson; (3) termination of such proceedings in Defendants' favor; (4)
Carson's malice in instituting such proceedings; (5) lack of probable cause; and (6) resulting
injury or damage.  Huffman v. Sunshine Recycling, LLC, 826 S.E.2d 609, 614 (S.C. 2019)
(internal quotation marks and citations omitted).

Carson argues that this claim should be dismissed because the instant lawsuit has not terminated.  (Mot. Dismiss 6-7, ECF No. 36.)  Carson's argument is based on the notion that a lawsuit as a whole constitutes one "proceeding."  (See id., ECF No. 36.)  In contrast, Defendants argue that each claim within a lawsuit is itself a "proceeding" and because three claims have been dismissed in this case, those claims have been terminated and are the basis for the malicious prosecution claim.  (Resp. 5, ECF No. 38.)  The court disagrees with Defendants' argument.[1]  The instant lawsuit remains pending.  Therefore, the court grants Carson's motion to dismiss Defendants' malicious prosecution counterclaim without prejudice.

### D. The Frivolous Proceedings Counterclaim

Defendants' final counterclaim seeks costs and reasonable attorney's fees, arguing that Carson's claims in this case are frivolous under the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. § 15–36–10 *et seq*., ("FCPSA").  The court finds Defendants' counterclaim is not ripe.  See S.C.Code Ann. 15-36-10(C)(1) ("At the conclusion of a trial and after a verdict for or a verdict against damages has been rendered or a case has been dismissed by a directed verdict, summary judgment, or judgment notwithstanding the verdict, upon motion of the prevailing party, the court shall proceed to determine if the claim or defense was frivolous."); see also Holmes v. E. Cooper Cmty. Hosp., Inc., 758 S.E.2d 483, 495 (S.C. 2014) ("Motions made pursuant to the FCPSA are post-trial motions.").  Consequently, Carson's motion to dismiss Defendants' frivolous proceedings counterclaim is granted without prejudice.

---

[1] See CIVIL PROCEEDING, Black's Law Dictionary (11th ed. 2019) (defining "civil proceeding" as a "lawsuit in which the purpose is to decide or delineate private rights and remedies, as in a dispute between litigants in a matter relating to torts, contracts, property . . . .").

It is therefore

**ORDERED** that Carson's motion to dismiss, docket number 36, is granted in part and

denied in part.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
November 3, 2020