IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Amanda Carson f/k/a/ Amanda Leche, ) | Case No.: 6:20-CV-01946-JD |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| Emergency MD, LLC, David Brancati, ) | |
| Johanna Calgie, and Jason Blasenak, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the Court on Plaintiff Amanda Carson's Motion for Substitution under Rule 25(c) of the Federal Rules of Civil Procedure (DE 200), seeking to substitute one of three entities—Prisma Health Urgent Care by WellStreet, LLC, Prisma Health Urgent Care of South Carolina, P.C., or Prisma Health Urgent Care Taylors, LLC—as a defendant in place of Defendant Emergency MD, LLC ("EMD"). Defendant EMD has filed a response in opposition (DE 206), and Plaintiff has filed a reply (DE 208). For these reasons, Plaintiff Amanda Carson's ("Plaintiff" or "Carson") motion is denied.

## I.　　BACKGROUND

In this invasion of privacy case, Carson alleges federal statutory and state common-law claims arising from EMD's unauthorized access to her email account. The case was tried before a jury on November 14 to 16, 2023, on Carson's SCA and Invasion of Privacy/Wrongful Intrusion claims against EMD and others. On November 16, 2023, the jury returned a verdict for Carson on her SCA claim against

1

EMD (with no actual damages) but returned a defense verdict for EMD on Carson's invasion-of-privacy claim. (DE 149.)

In December 2024, EMD sold a portion of its practice—specifically, its advanced urgent care services and associated patient records—to subsidiaries of Prisma Health Urgent Care. As a result, EMD discontinued operations at its former locations but continued business at a new address, focusing on other lines of healthcare services. (DE 206-1 ¶¶ 4-8, Brancati Decl.)

Plaintiff argues that this transaction transferred the "interest" at the heart of this litigation to Prisma entities, justifying substitution under Rule 25(c). Plaintiff relies on cases such as *Nautilus Ins. Co. v. Crime Prevention Sec. Patrol, LLC*, 2015 WL 5785505 (D.S.C. Sept. 30, 2015), to support her request. Defendant EMD contends that it remains an ongoing concern in good standing, continues to defend this action, and that substitution is neither required nor appropriate under the circumstances. (DE 206 at 1-3.)

## II.   LEGAL STANDARD

Rule 25(c) provides: If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. Fed. R. Civ. P. 25(c). The decision to substitute or join a transferee is entirely discretionary. *See Biedermann Techs. GmbH & Co. KG v. K2M, Inc.*, 2021 WL 12127991, at *1-2 (E.D. Va. Mar. 25, 2021) (explaining that "Rule 25(c) is wholly permissive," does not require substitution, and its purpose is merely to facilitate the litigation process, not to

determine substantive rights). Courts have discretion to deny substitution where the original party remains capable of satisfying any judgment, continues to participate in the litigation, and there is no showing that substitution is necessary to protect the parties' rights or enforce a judgment. *Id.*; *see also Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. 1985) (noting that denial of substitution under Rule 25(c) does not prejudice later efforts to enforce a judgment against a successor).

### III.    DISCUSSION

Upon careful review of the parties' submissions and the record, the Court declines to exercise its discretion to order substitution. The record reflects that while EMD did sell a portion of its urgent care operations to Prisma entities—including discontinuing operations at two locations (DE 206-1 ¶ 4)—EMD has not been dissolved, remains in good standing with the South Carolina Secretary of State, continues to operate and provide other healthcare services, and actively defends this litigation. (*Id.* ¶¶ 3, 5-8.) Under these circumstances, substitution is neither necessary nor appropriate to facilitate this litigation.

Moreover, like in *Biedermann*, Rule 25(c) does not require substitution merely because an interest has been transferred. As the court there observed, even after a transfer, "the action may be continued by or against the original party, and the judgment will be binding on the successor in interest even though the successor is not named." *Biedermann*, 2021 WL 12127991, at *2. Plaintiff has not established that substitution is essential to protect her ability to obtain complete relief or to enforce

any future judgment. If Plaintiff has concerns regarding collection or satisfaction of a potential judgment, those are matters more appropriately addressed post-judgment.

Accordingly, the Court finds that substitution would not meaningfully facilitate the litigation and could unnecessarily complicate the proceedings, particularly where EMD continues to stand as a solvent defendant prepared to defend this case.

## IV.    CONCLUSION

For all these reasons, Plaintiff's Motion for Substitution under Rule 25(c) (DE 200) is DENIED. This denial is without prejudice to Plaintiff's ability to seek appropriate relief at a later stage should circumstances materially change or in the context of enforcing any judgment.

IT IS SO ORDERED.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
July 2, 2025